Case 0:21-cr-00079-ABJ   Document 1   Filed 06/09/21   Page 1 of 11



FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 JUN -9 PM 3:57

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>**GARRETT THOMAS FINDLAY,**<br><br>Defendant. | **CRIMINAL COMPLAINT**<br><br>Case Number: 21mj33-J |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

From on or about March 1, 2021 through on or about March 3, 2021, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, did knowingly distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor, using a means and facility of interstate commerce, namely, the Internet and Cellular Networks.

In violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

### COUNT TWO

On or about March 3, 2021, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, did knowingly possess material which contains images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involve prepubescent minors, and which were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, namely, the Defendant possessed, a Samsung Galaxy Note 10 Plus, a product of Korea, which contains digital images depicting prepubescent minors engaged in sexually explicit conduct.

In violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

1

I further state that I am a Special Agent with the Homeland Security Investigations and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

*Shannon L. Patak*
Signature of Complainant
SHANNON L. PATAK

Sworn to before me and subscribed via telephone,

| June 9, 2021 | at | Cheyenne, Wyoming |
|---|---|---|
| Date | | City and State |

HON. KELLY H. RANKIN
Chief United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

2

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### SPECIAL AGENT SHANNON L. PATAK
### *UNITED STATES v. GARRETT THOMAS FINDLAY*

I, Shannon L. Patak, being duly sworn on oath, swear and affirm as follows:

1. I am a Special Agent with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been since August of 2009. I am currently assigned as a Task Force Officer with the Wyoming Division of Criminal Investigation (DCI), assigned to the Computer Crime Team (CCT) and Internet Crimes Against Children (ICAC) Task Force in Cheyenne, Wyoming and have been since April of 2015. As part of my duties with the ICAC Task Force, I conduct investigations into the exploitation of children through the use of technology, for which I have received approximately 120 hours of specialized training from various ICAC Task Forces and affiliates throughout the country, as well as during my training to become a Special Agent with HSI. As of the writing of this affidavit, I have participated in approximately 70 investigations involving the exploitation of children utilizing the Internet. Prior to becoming a Special Agent with HSI, I completed my Bachelor of Arts degree in Political Science at Colorado State University, served in the United States Marine Corps Reserve, and was employed as an Emergency Services Dispatcher for both Oceanside Police Department in Oceanside, California and Fort Collins Police Services in Fort Collins, Colorado.

2. The statements in this sworn statement are based on my personal observations, training and experience, investigation of this matter, and information obtained from other agents and witnesses. Because this sworn statement is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth the facts that I believe necessary to establish probable cause to believe that Garret Thomas FINDLAY violated Title 18, United States Code, Sections 2252A(a)(2), which prohibits the distribution of child pornography.

3. As part of my assignment to the ICAC Task Force, on or about June 4, 2021, I was asked to assist in an investigation being conducted by State of Wyoming Division of Criminal Investigation Special Agent Brett A. Kniss, also a member of the Wyoming ICAC, from whom I learned the following information.

4. On or about October 23, 2020, SA Kniss was assigned CyberTipline Report (Cybertip) 79521179, received from the National Center for Missing and Exploited Children (NCMEC) to investigate. Cybertip 79521179 detailed that on September 11, 2020, Kik, a Social Media Website, became aware that screen/username "domthor24" (hereinafter referred to as the Target Account) had shared 14 files of suspected child pornography with another user or group of users upon the Kik platform between the dates of August 26 and August 28, 2020. Kik indicated that each of these files had been reviewed by a representative of Kik prior to submission to NCEMC. SA Kniss reviewed each of these files and observed that they all depicted prepubescent females being made to participate in sexually explicit conduct.

5. I know from training and experience that Social Media Websites typically employ the use of both automated and semi-automated methods to monitor their networks for the transmission or storage of child exploitation material. I know that for an image or video to be flagged as requiring NCMEC notification it would have been necessary for the service provider – or other entities working with the service provider – to have previously identified an image or video as being child pornography or other child exploitation material. Finally, I know that this initial classification generally occurs after an actual human viewed the material in question and deemed it exploitative in nature.

6. One of these 14 files bore the file name "58c7a161-4ee8-4bc7-aada-98908a6159cb.mov.," and was a 14 second movie file depicting a prepubescent female on a bed, facing the camera with her legs spread apart, who was being vaginally penetrated by the penis of an adult male. Kik indicated this file was uploaded to a messaging group by the Target Account upon Kik Messenger on August 28, 2020, at 06:40 p.m. (UTC) from the Internet Protocol (IP)

address 98.127.99.96, which is owned and assigned by the Internet Service Provider (ISP) Charter/Spectrum Communications.

7. Additionally, Kik supplied several additional IP addresses from both Charter/Spectrum Communications and Verizon Wireless that were utilized by the Target Account for purposes of login. IP address 47.5.38.127, owned and assigned by Charter/Spectrum Communications, was used to login to the Target Account on August 29, 2020 at 21:42 UTC.

8. The following Verizon Wireless IP addresses were also used to login to the Target Account on their respective dates and times:

- 174.198.157.184 on September 12, 2020 at 08:32 UTC,
- 174.198.176.220 on September 8, 2020 at 20:23 UTC, and
- 174.198.128.178 on September 2, 2020 at 17:50 UTC.

9. Finally, Kik indicated via Cybertip 79521179 that the Target Account utilized a Samsung model SM-N975U Android device upon the Kik platform. SA Kniss conducted Internet searches for a Samsung model SM-N975U Android device and learned this model number to be a Samsung Galaxy Note 10 Plus cellphone.

10. An Administrative Summons was served upon Verizon Wireless requesting the subscriber to the IP addresses on the dates and times of the Target Account logins referenced in Paragraph 8.

11. SA Kniss learned that the Verizon Wireless IP addresses can be assigned to different mobile phones upon their network at the same time across the country in a practice referred to as "natting." Verizon Wireless provided spreadsheets listing each of the phone numbers upon their network that were assigned the summonsed IP addresses on the specified dates and times.

12. SA Kniss combined the spreadsheets from the Verizon Wireless summons returns and noted a common phone number among each spreadsheet: (541) 900-0214. Upon follow-up with Verizon, SA Kniss learned that Garrett Thomas FINDLAY, with a listed address of 1005 McDougall Drive, Lander, WY, 82520, was the customer assigned this phone number and

summonsed IP addresses from which the Target Account was accessed. Verizon further indicated that FINDLAY utilized a Samsung Galaxy Note 10 Plus cellphone upon their network.

13. An Administrative Summons was served upon Charter/Spectrum Communications requesting the subscriber to IP address 98.127.99.96 for August 28, 2020, at 06:40 p.m. (UTC) – the date and time of the movie file upload referenced in Paragraph 6 - and revealed the following subscriber information: Kelcey Christensen with service being provided at 912 S. 4th Street, Laramie, WY.

14. On December 15, 2020, SA Kniss learned through interview that Kelcey Christensen owned the property at 912 S. 4th Street, Laramie, WY, and that the property included an apartment with the address of 912 1/2 S. 4th Street, Laramie, WY. Mr. Christensen further informed SA Kniss that Garrett FINDLAY rented the apartment (912 ½) from approximately July 1, 2020 through December 12, 2020, which included the time period in which child pornography was uploaded from this address. Finally, SA Kniss learned that FINDLAY had moved back to his parents' residence in Lander, WY upon vacating his property and that phone number he had listed for him was 541-900-0214, which is the same phone number associated with the above discussed mobile uploads.

15. An Administrative Summons was served upon Charter/Spectrum Communications requesting the subscriber to IP address 47.5.38.127 for August 29, 2020 at 21:42 UTC – the date and time of the Target Account login referenced in Paragraph 7 - and revealed the following subscriber information: Betsy Whitehead with service being provided at 1005 McDougall Drive, Lander, WY.

16. SA Kniss learned from a database available to law enforcement that Betsy Whitehead is FINDLAY's mother who resides at 1005 McDougall Drive, Lander, WY.

17. On December 15, 2020, DCI Agents assisting with the investigation from the Lander, Wyoming DCI office observed a Blue Dodge Ram 1500 pickup bearing Wyoming license 10-14818 parked in front of 1005 McDougall Drive, Lander, WY. This same vehicle had also been

observed multiple times by agents conducting surveillance upon 912 1/2 S. 4th Street, Laramie, Wyoming in early December of 2020. Law enforcement database queries indicated the vehicle was registered to Garrett FINDLAY.

18. Based on the above information, on or about March 3, 2021, SA Kniss applied for and was granted a search warrant by the Honorable Judge Rogers, Circuit Court of the 9th Judicial District, Fremont County, State of Wyoming, granting the search of Garrett FINDLAY, the residence located at 1005 McDougall Drive, Lander, Wyoming, and the Dodge Ram 1500 bearing Wyoming license 10-14818, respectively. The warrant and subsequent searches were executed on March 3, 2021.

19. During search warrant execution, FINDLAY was encountered and directed agents to his cell phone, which was a Samsung Galaxy Note 10 Plus cellphone. The cellphone was located in his parents' bedroom where FINDLAY was recovering from a recent back surgery.

20. FINDLAY was detained and transported to the Fremont County Sherriff's Department for a consensual, custodial interview. FINDLAY was given his Miranda rights which he waived. During the interview, FINDLAY made several admissions including the fact that he possessed child pornographic material upon his Samsung Galaxy Note 10 Plus cellphone and had also used the same device to send and receive child pornographic material utilizing a variety of chat applications to include Kik. Finally, FINDLAY admitted to utilizing the Kik platform with his screenname / username of domthor24 – the Target Account.

21. Agents accessed FINDLAY'S Galaxy Note 10 Plus cellphone utilizing the pattern lock provided by FINDLAY and found approximately 22 images and 10 videos of child exploitation material (i.e.: prepubescent minors engaged in sexual activity).

22. FINDLAY advised agents that the last time he had viewed child pornographic images was the previous evening – March 2, 2021 – when he had received "some" images via the Whisper application upon his cellphone. He further told agents that he had used the Whisper application numerous times for the purpose of sending and receiving child exploitation material.

23. I know from training and experience that the social media chat application known as Whisper is available for download by Android users – such as FINDLAY – from the Google Play application store. I further know that Whisper is an anonymous social media website in that users of the platform are assigned a random username upon account creation. Users are able to post to a forum or central page upon the application wherein any user of Whisper can view an uploaded image or video. Whisper also supports a private chat mode wherein one user can communicate with another user.

24. Based on FINDLAY's admissions and the presence of child exploitation material upon his Samsung Galaxy Note 10 Plus cellphone which agents seized, FINDLAY was arrested for violations of State of Wyoming law pertaining to Child Sexual Exploitation and booked in the Fremont County Detention Center on March 3, 2021.

25. During the digital forensic examination of FINDLAY's Samsung Galaxy Note 10 Plus cellphone, SA Kniss recovered a series of chat conversations on Whisper where FINDLAY utilized the screen name Whisper_To and was chatting with an individual utilizing the screen name Chicky Nuggets. During the chat conversations that occurred on or about March 1, 2021, through March 2, 2021, FINDLAY sent the individual utilizing the screen name Chicky Nuggets 18 images of child exploitation material.

26. One of the images FINDLAY sent to the individual utilizing the screen name Chicky Nuggets depicts a prepubescent female wearing a pink colored, sleeveless shirt and is nude from the waist down with her legs spread apart showing her vagina. The female is holding her arms up and is holding the separate erect penis of an adult male in each hand.

27. SA Kniss recovered several text messages from FINDLAY's Samsung Galaxy Note 10 Plus that indicated FINDLAY was in and around Lander, WY, from at least March 1, 2021, through search warrant execution on March 3, 2021, when agents encountered FINDLAY at his parents' residence at 1005 McDougall Drive, Lander, Wyoming.

28. On February 26, 2021, at 9:03 AM, FINDLAY received a text message that read,

"Garrett has an appointment with Amy Hitshew on 3/1 at 1:30 p.m. at the SOSI Lander, WY location. Press Y to confirm, N to cancel, STOP to opt-out." FINDLAY responded, "Y" on the same date at 9:04 AM.

29. On March 1, 2021, at 2:52 PM, FINDLAY received a text from "Dad" that read, "How was the appointment," to which FINDLAY responded at 2:54 PM, "It was good. Nothing new. Just a check-up." Agents believe this inquiry by FINDLAY's father is in reference to the text exchange discussed in Paragraph 28.

30. On March 2, 2021, at 8:36 PM, FINDLAY received a text from "Mom" which read, "Can you change the sheets please," to which FINDLAY immediately responded, "Yessir eeee Bob!!!"

30. Based upon the above information, I believe that Garrett Thomas FINDLAY, Date of Birth (DOB) August 17, 1997, possessed child pornographic material in the State of Wyoming on March 3, 2021, on a device that has traveled through interstate commerce – his Samsung Galaxy Note 10 Plus, IMEI #359271104558626, which is manufactured in Korea. I also believe that FINDLAY distributed child pornographic material between March 1 and March 3, 2021, utilizing the Internet per his admissions regarding the use of the Whisper application for same, from the State of Wyoming.

**END OF AFFIDAVIT**

## PENALTY SUMMARY

**DEFENDANT NAME:**   GARRETT THOMAS FINDLAY

**DATE:**   June 9, 2021

**INTERPRETER NEEDED:**   No

**VICTIM(S):**   Yes

**OFFENSE/PENALTIES:**

   Ct: 1   **18 U.S.C. § 2252A(a)(2)(A), (b)(1)**
   (Distribution of Child Pornography)

   5-20 Years Imprisonment
   Up To $250,000 Fine
   5 Years To Life Supervised Release
   $100 Special Assessment
   $5,000 Special Assessment Pursuant to the Victims of Sex Trafficking Act of 2015
   Up To $35,000 Special Assessment and Mandatory Restitution of Not Less Than $3,000 Per Requesting Victim Pursuant to The Amy, Vicky And Andy Child Pornography Victim Assistance Act Of 2018

   Ct: 2   **18 U.S.C. § 2252A(a)(5)(B), (b)(2)**
   (Possession of Child Pornography)

   0-20 Years Imprisonment
   Up To $250,000 Fine
   5 Years To Life Supervised Release
   $100 Special Assessment
   $5,000 Special Assessment Pursuant To The Victims Of Sex Trafficking Act Of 2015
   Up To $17,000 Special Assessment and Mandatory Restitution of Not Less Than $3,000 Per Requesting Victim Pursuant to The Amy, Vicky And Andy Child Pornography Victim Assistance Act Of 2018

| | |
|---|---|
| **TOTALS:** | 40 Years Imprisonment<br>Up To $500,000 Fine<br>5 Years To Life Supervised Release<br>$200 Special Assessment<br>$10,000 Special Assessment Pursuant To The Victims Of Sex Trafficking Act Of 2015<br>Up To $52,000 Special Assessment and Mandatory Restitution of Not Less Than $3,000 Per Requesting Victim Pursuant to The Amy, Vicky And Andy Child Pornography Victim Assistance Act Of 2018 |
| **AGENT:** | Shannon L. Patak, HSI |
| **AUSA:** | Christyne M. Martens, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 1 to 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | Yes. The Court should not grant bond as the Defendant is not bondable. |