IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 JUL 22 PM 1:22

MARGARET BOTKINS, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | No. | 21cr79-ABJ |
| Plaintiff, | | |
| v. | Ct 1: | 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Distribution of Child Pornography) |
| GARRETT THOMAS FINDLAY, | | |
| Defendant. | Ct 2: | 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Possession of Child Pornography) |
| | Ct 3, 5-7: | 18 U.S.C. § 2251(a), (e) (Production of Child Pornography) |
| | Ct 4: | 18 U.S.C. § 2423(b) (Travel with intent to engage in illicit sexual conduct) |
| | | **REDACTED** *Minor Victim* |

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## COUNT ONE

From on or about March 1, 2021, through and including on or about March 3, 2021, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, did knowingly

distribute child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor, using a means and facility of interstate commerce, namely, the Internet and a cellular telephone network.

In violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## COUNT TWO

On or about March 3, 2021, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, did knowingly possess material containing images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involve prepubescent minors, and which were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, namely, the Defendant possessed, a Samsung Galaxy Note 10 Plus, a product of Korea, which contains digital images depicting prepubescent minors engaged in sexually explicit conduct.

In violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

## COUNT THREE

On or about February 8, 2020, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, knowingly used, persuaded, induced, enticed, and coerced a minor, _____, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction was actually transported and transmitted using means and facilities of interstate commerce, namely the Internet and a cellular telephone network.

In violation of 18 U.S.C. § 2251(a), (e).

## COUNT FOUR

From on or about August 15, 2020 through on or about August 30, 2020, in the District of Wyoming and elsewhere, the Defendant, **GARRETT THOMAS FINDLAY**, did travel in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with a minor, _____.

In violation of 18 U.S.C. § 2423(b).

## COUNT FIVE

On or about February 23, 2020, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, knowingly used, persuaded, induced, enticed, and coerced a minor, _____, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction was actually transported and transmitted using means and facilities of interstate commerce, namely the Internet and a cellular telephone network.

In violation of 18 U.S.C. §2251(a), (e).

## COUNT SIX

On or about May 11, 2020, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, knowingly used, persuaded, induced, enticed, and coerced a minor, _____, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction was actually transported and transmitted using means and facilities of interstate commerce, namely the Internet and a cellular telephone network.

In violation of 18 U.S.C. §2251(a), (e).

## COUNT SEVEN

On or about June 16, 2020, in the District of Wyoming, the Defendant, **GARRETT THOMAS FINDLAY**, knowingly used, persuaded, induced, enticed, and coerced a minor, _____, to engaged in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, which visual depiction was actually transported and transmitted using means and facilities of interstate commerce, namely the Internet and a cellular telephone network.

In violation of 18 U.S.C. §2251(a), (e).

A TRUE BILL:

*Ink Signature on File*
FOREPERSON

_____
L. ROBERT MURRAY
Acting United States Attorney

## PENALTY SUMMARY

**DEFENDANT NAME:**     GARRETT THOMAS FINDLAY

**DATE:**     July 20, 2021

**INTERPRETER NEEDED:**     No

**VICTIM(S):**     Yes

**OFFENSE/PENALTIES:**

    **Ct: 1**  **18 U.S.C. § 2252A(a)(2)(A), (b)(1)**
(Distribution of Child Pornography)

5-20 Years Imprisonment
Up To $250,000 Fine
5 Years To Life Supervised Release
$100 Special Assessment
Up To $35,000 Special Assessment And Mandatory Restitution Of Not Less Than $3,000 Per Requesting Victim Pursuant To The Amy, Vicky And Andy Child Pornography Victim Assistance Act Of 2018

    **Ct: 2**  **18 U.S.C. § 2252A(a)(5)(B), (b)(2)**
(Possession of Child Pornography)

0-20 Years Imprisonment
Up To $250,000 Fine
5 Years To Life Supervised Release
$100 Special Assessment
Up To $17,000 Special Assessment And Mandatory Restitution Of Not Less Than $3,000 Per Requesting Victim Pursuant To The Amy, Vicky And Andy Child Pornography Victim Assistance Act Of 2018
$5,000 Special Assessment Pursuant To The Victims Of Sex Trafficking Act Of 2015

|  |  |
|---|---|
| Ct: 3, 5-7 | 18 U.S.C. § 2251(a), (e)<br>(Production of Child Pornography)<br><br>15-30 Years Imprisonment<br>Up To $250,000 Fine<br>5 Years To Life Supervised Release<br>$100 Special Assessment<br>$5,000 Special Assessment Pursuant To The Victims Of Sex Trafficking Act Of 2015<br>Up to $50,000 Special Assessment Pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 |
| Ct: 4 | 18 U.S.C. § 2423(b)<br>(Travel with intent to engage in illicit sexual conduct)<br><br>0-30 Years Imprisonment<br>5 Years To Life Supervised Release<br>$100 Special Assessment<br>$5,000 Special Assessment Pursuant To The Victims Of Sex Trafficking Act Of 2015<br>Up To $50,000 Special Assessment And Mandatory Restitution Of Not Less Than $3,000 Per Requesting Victim Pursuant To The Amy, Vicky And Andy Child Pornography Victim Assistance Act Of 2018 |
| **TOTALS:** | 50 Years to Life Imprisonment<br>Life Supervised Release<br>$700 Special Assessment<br>$35,000 Special Assessment Pursuant To The Victims Of Sex Trafficking Act Of 2015<br>Up To $252,000 Special Assessment And Mandatory Restitution Of Not Less Than $3,000 Per Requesting Victim Pursuant To The Amy, Vicky And Andy Child Pornography Victim Assistance Act Of 2018 |
| **AGENT:** | Shannon L. Patak, HSI |
| **AUSA:** | Christyne M. Martens, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** | 6 to 10 days |

| | |
|---|---|
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** | No |